UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL W. WILLIAMS,

      Petitioner,

v.                              Case No. 8:08-cv-647-T-23MAP

SECRETARY, Department of Corrections,

      Respondent.

_____/

## **O R D E R**

Williams petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his convictions for both possessing and delivering cocaine, for which conviction Williams serves thirty years as a habitual felony offender. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 9) The respondent admits the petition's timeliness. (Response at 8 Doc. 9)

## I. **FACTS**[1]

On June 25, 2002, a confidential informant accompanied Detective Garfield, an undercover officer with the Hillsborough County Sheriff's Office, to an apartment where the confidential informant introduced Det. Garfield to Williams. Det. Garfield purchased cocaine from Williams for one hundred dollars. Det. Garfield's back-up undercover officer also identified Williams, who was arrested several months later. After the state rested, the defense argued misidentification and presented no evidence.

---

[1] This summary of the facts derives from Williams's brief on direct appeal. (Respondent's Exhibit 2)

II.  **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs

this proceeding.  Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998),

cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential

standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law,
> > as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State court proceeding.

The purpose of federal review is not to re-try the state case.  "The Anti-Terrorism

and Effective Death Penalty Act of 1996 modified a federal habeas court's role in

reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to

ensure that state-court convictions are given effect to the extent possible under law."

Bell v. Cone, 535 U.S. 685, 693  (2002).  In Williams v. Taylor, 529 U.S. 362, 412-13

(2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.  Under
> § 2254(d)(1), the writ may issue only if one of the following two conditions is
> satisfied--the state-court adjudication resulted in a decision that (1) "was
> contrary to . . . clearly established Federal Law, as determined by the
> Supreme Court of the United States," or (2) "involved an unreasonable
> application of . . . clearly established Federal law, as determined by the
> Supreme Court of the United States."  Under the "contrary to" clause, a

federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. at 694.  See Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").  Moreover, the phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

In a per curiam decision without a written opinion the state appellate court affirmed Williams's convictions and sentences on direct appeal.  (Respondent's Exhibit 5)  Similarly, in another per curiam decision without a written opinion the state appellate court affirmed the denial of Williams's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 12)  The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Williams bears the burden of overcoming by clear and convincing evidence a state court factual determination.  "[A] determination of a factual issue made by a State

court shall be presumed to be correct.  The applicant shall have the burden of rebutting

the presumption of correctness by clear and convincing evidence."  28 U.S.C.

§ 2254(e)(1).  This presumption of correctness applies to a finding of fact but not to a

mixed determination of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert.

denied, 534 U.S. 1046 (2001).  The state court's rejection of Williams's post-conviction

claims warrants deference in this case.  (Respondent's Exhibit 8 at 167, et seq.)  The

federal petition presents two claims that Williams raised on direct appeal and two claims

of ineffective assistance of counsel.

### III.  DIRECT APPEAL CLAIMS

Williams must prove that the state court's decision was "(1) . . . contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States or (2) . . . based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding."  28 U.S.C. § 2254(d).

Ground One:

Williams contends that the state's evidence is insufficient to support the jury's

finding of guilt.  The respondent contends that Williams failed to fairly present this ground

to the state courts as a federal claim.  Williams's brief on direct appeal, which contains a

due process argument and citation to In re Winship, 397 U.S. 358 (1970), refutes the

respondent's contention.  (Respondent's Exhibit 2 at 15)  Even if Williams raised this

ground only as a state law issue, exhaustion is complete because the state standard of

review for a sufficiency-of-the-evidence claim is identical to the federal standard of

review:

> Florida courts assess the sufficiency of the evidence used to convict
> criminal defendants under a legal standard identical to the one used by
> federal courts in deciding federal due process challenges to the sufficiency
> of the evidence.
>
> In this case, the state court analyzed [petitioner]'s due process sufficiency
> of the evidence claim using a standard identical to the one required under
> federal law.  Under these circumstances, we conclude [petitioner]'s federal
> claim has been exhausted.

Mulinx v. Sec'y, Dep't of Corr., 254 Fed. App'x 763, 764-65 (11th Cir. 2007).

The Due Process Clause of the Fourteenth Amendment prohibits a criminal

conviction "except upon proof beyond a reasonable doubt of every fact necessary to

constitute the crime."  In re Winship, 397 U.S. at 364.  Jackson v. Virginia, 443 U.S. 307,

324 (1979), established the standard of review in a federal habeas corpus proceeding for

a sufficiency-of-the-evidence claim.

> We hold that in a challenge to a state criminal conviction brought under 28
> U.S.C. § 2254—if  the settled procedural prerequisites for the claim have
> otherwise been satisfied—the applicant is entitled to habeas corpus relief if
> it is found that upon the record evidence adduced at the trial no rational
> trier of fact could have found proof of guilt beyond a reasonable doubt.

The governing question is whether a rational trier of fact could have found proof beyond

a reasonable doubt and not whether the habeas court believes the evidence.  Jackson v.

Virginia, 443 U.S. at 318-19 ("[T]his inquiry does not require a court to 'ask itself whether

it believes that the evidence at trial established guilt beyond a reasonable doubt.'"

(quoting Woodby v. INS, 385 U.S. 276, 282 (1966) (emphasis original)).

A federal court, reviewing a state conviction in a habeas proceeding, must defer to

a jury's credibility determination in weighing conflicting evidence:

> The federal courts have consistently reiterated that this standard for weighing the constitutional sufficiency of the evidence is a limited one.  It is not required that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt.  Faced with a record of historical facts that supports conflicting inferences, we must presume that the jury resolved such conflicts in favor of the prosecution, deferring to the credibility of the evidence.  The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief.

Wilcox v. Ford, 813 F.2d 1140, 1143 (11th Cir.) (footnote and citations omitted), cert.

denied, 484 U.S. 925 (1987).  Accord Johnson v. Alabama, 256 F.3d 1156, 1172 (11th

Cir. 2001) ("Although each element of the offense must be established beyond a

reasonable doubt, . . . the State is not required to rule out every hypothesis except that of

the guilt of the defendant.") (citations omitted), cert. denied sub nom, Johnson v. Nagle,

535 U.S. 926 (2002).  In other words, a federal court must defer to a jury's judgment in

both assessing a witness's credibility and weighing the evidence.

Det. Garfield identified Williams as the person who sold cocaine to her.  The back-

up undercover detective identified Williams as the person who left the apartment after

the cocaine sale.  A laboratory technician testified that the substance submitted by Det.

Garfield testified positive for cocaine.  The jury found the state's witnesses sufficiently

credible to warrant a guilty verdict.  In other words, the state's evidence was sufficient for

a jury to find proof beyond a reasonable doubt that Williams both possessed and

delivered cocaine.

Ground Two:

Williams alleges that he was denied his right of confrontation when he was

precluded from confronting his accuser, the confidential informant.  Williams's reliance on

Crawford v. Washington, 541 U.S. 36 (2004), is misplaced.  The confidential informant

offered no testimony against Williams and the prosecution attributed no statement to the confidential informant.  Consequently, the only evidence regarding the confidential informant was his introducing Det. Garfield to Williams and his presence during the drug transaction.  Under these facts, Williams has no right of confrontation because the "Sixth Amendment right to confront witnesses extends only to those who provide evidence at trial.  Shuler v. Wainwright, 491 F.2d 1213, 1224 (5th Cir. 1974).  . . .  Moreover, there is no Confrontation Clause violation when the government chooses not to call an informant as a witness.  Id. at 864.  Here, because [the confidential informant] did not testify, there was no violation of the Confrontation Clause."  United States v. Martin, 366 Fed. App'x 120, 122-23 (11th Cir. 2010).[2]

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Williams claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel"

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  CTA11 Rule 36-2.

> guaranteed the defendant by the Sixth Amendment.  Second, the
> defendant must show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors were so serious as to
> deprive the defendant of a fair trial, a trial whose result is reliable.
> Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice.

Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective

assistance claim . . . to address both components of the inquiry if the defendant makes

an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we

are free to dispose of ineffectiveness claims on either of its two grounds.").  "[C]ounsel is

strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at

690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness

of counsel's challenged conduct on the facts of the particular case, viewed as of the time

of counsel's conduct."  466 U.S. at 690.  Strickland requires that "in light of all the

circumstances, the identified acts or omissions were outside the wide range of

professionally competent assistance."  466 U.S. at 690.

Williams must demonstrate that counsel's error prejudiced the defense because

"[a]n error by counsel, even if professionally unreasonable, does not warrant setting

aside the judgment of a criminal proceeding if the error had no effect on the judgment."

466 U.S. at 691-92.  To meet this burden, Williams must show "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have

been different.  A reasonable probability is a probability sufficient to undermine

confidence in the outcome."  466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91.  Williams cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . .  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Williams must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A federal habeas corpus case authorizes no independent determination of the reasonableness of counsel's actions but authorizes

only a determination "whether the state habeas court was objectively reasonable in its Strickland inquiry." Putnam v. Head, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002).

Ground Three:

Williams alleges that counsel rendered ineffective assistance by advising him to reject an offer from the state to plead guilty in exchange for a sentence of fifty-five months. Instead of a sentence of less than five years, Williams was sentenced to thirty years as a habitual felony offender. The state court conducted an evidentiary hearing and denied this claim. After accepting defense counsel's credibility and rejecting Williams's credibility, the post-conviction court found that Williams rejected counsel's advice that he accept the plea offer.

Williams failed to include this claim in his appeal from the denial of a Rule 3.850 motion to vacate. A petitioner must present each claim to a state court before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995), quoting Picard v. Connor, 404 U.S. 270, 275 (1971). Accord Rose v. Lundy, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and Upshaw v. Singletary, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").

Because Williams received an evidentiary hearing and he failed to include this claim in his appellate brief (Respondent's Exhibit 2), Williams failed to "fairly present" this claim to the state courts:

> Duest also seeks to raise eleven other claims by simply referring to arguments presented in his motion for postconviction relief.  The purpose of an appellate brief is to present arguments in support of the points on appeal.  Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived.

Duest v. Dugger, 555 So.2d 849, 851-52 (Fla. 1990).  See also Cortes v. Gladish, 216 Fed. App'x 897, 899-900 (11th Cir. 2007) ("[H]ad Cortes received an evidentiary hearing, his failure to address issues in his appellate brief would constitute a waiver.").  As a consequence, this claim is unexhausted.

The failure to properly exhaust each available state court remedy causes a procedural default of the unexhausted claim.  O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims.");  Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.").  To overcome procedural default, Williams must establish either (1) "cause for the default and prejudice attributable thereto" or (2) "that failure to consider [his defaulted] claim will result in a fundamental miscarriage of justice."  Harris v. Reed, 489 U.S. 255, 262 (1989).

To demonstrate "cause" for his procedural default, Williams must justify his failure to comply with Florida's procedural rules.  In general, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules."  Murray v. Carrier, 477 U.S. at 488.  See Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995).  Even if he shows cause for his procedural default, Williams must show prejudice arising from the alleged constitutional error.  A petitioner must show that he suffered actual prejudice, "not merely that the errors of the trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis original).  Accord Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir. 1991).  In essence, to show actual prejudice, Williams must demonstrate that the alleged errors so infected the trial that his resulting conviction violates due process.  Williams fails to meet his burden.

As an alternative to showing "cause and prejudice," Williams must show that dismissal of his procedurally defaulted grounds will result in a "fundamental miscarriage of justice," an especial difficulty because Williams must demonstrate "actual innocence" of the crime of conviction.  See Smith v. Murray, 477 U.S. 527, 537 (1986) (citing Murray v. Carrier, 477 U.S. at 496).  See also Engle v. Isacc, 456 U.S. 107, 134-35 (1982), and Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995)[3] (denying certificate of probable cause)

_____

[3] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

(petitioner must show "as a factual matter that he did not commit the crime of conviction.").  Additionally, to meet the "fundamental miscarriage of justice" exception, Williams must show constitutional error coupled with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

Williams presents no argument for either a "cause and prejudice" or a "fundamental miscarriage of justice" exception to procedural default.  Consequently, ground three is procedurally barred from review on the merits.

Ground Four:

Williams alleges that trial counsel rendered ineffective assistance by not having the confidential witness testify.  The state court conducted an evidentiary hearing and denied this claim of ineffective assistance of counsel.  The state court correctly recognized that Strickland governs each claim of ineffective assistance of counsel. (Respondent's Exhibit 8 at 167-68)  Consequently, Williams cannot meet the "contrary to" test in Section 2254(d)(1).  Williams instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts.  Because of the presumption of correctness and the highly deferential standard of review, the review of this ground must start with the state court's analysis.

The state court rejected this claim as follows (Respondent's Exhibit 8 at 169-71) (citations to the record omitted):

> [D]efendant claims that counsel was ineffective for failing to investigate and call as witnesses the confidential informant or the individual who stayed at the apartment where the drugs were allegedly sold.  Defendant argues that he asked counsel to interview and call both of these witnesses but that counsel failed to do so.  Defendant alleges that the confidential informant

would have testified that Defendant was not the same individual who sold the cocaine to police, and the individual who stayed at the apartment would have testified that she did not know Defendant and that Defendant was not in the apartment on the night of the alleged transaction.

Review of the trial transcript reflects that a confidential informant provided the police with an address of an apartment where suspect "Paul Williams" allegedly sold and possessed drugs.  The confidential informant accompanied an undercover detective, Detective Garfield, to the apartment and was present during the drug transaction.  A second detective, Detective Loney, accompanied Detective Garfield but remained outside in a vehicle during the transaction.  Both Detective Garfield and Detective Loney identified Defendant in court as the man they observed on the day of the drug transaction.

During the evidentiary hearing, counsel testified as follows concerning his decision not to call the confidential informant or the apartment resident to testify:

> A.  I asked him what possible defense we could use again, if there were any witnesses we could use.  Based on attorney-client privileged conversations with him, I didn't feel that it was in our best interests to call any of these people, that in — could possibly corroborate what law enforcement had said at the scene, like the CI or anybody else who might have been present.  All my conversations with Mr. Williams would have led me to believe that it could — could have been extremely problematic, should these people have — would have testified at the trial, based on what transpired — what Mr. Williams articulated to me could have transpired.
>
> . . . .
>
> A.  Yes.  I asked him if they — if calling these — from a strategic standpoint, would we be confident that the CI or woman living there, or anybody, would testify that it definitely wasn't him?  Because if we put somebody up there who then says, yes, I talked to you and done a hundred drug deals with you, and now you came over to my house as prearranged and we did another one, that would be more problematic than the two cops and the hand-to-hand.  And he was not confident that they would be willing to say that.  On the contrary, it was — it seemed possible or more than likely that they would corroborate what law enforcement had done,

> since they'd already agreed to be government informants,
> and were in the process of doing so.

. . . .

> Upon review of the hearing testimony, the Court finds that counsel made a
> strategic decision not to call the confidential informant or the apartment
> resident to testify at trial.  Based upon counsel's discussions with
> Defendant, Defendant led counsel to believe that if called, these witnesses
> would not testify in Defendant's favor.  Rather, counsel felt that it was more
> likely that these witnesses would corroborate law enforcement's testimony.
> Furthermore, the trial transcript reflects that both Detective Loney and
> Detective Garfield identified Defendant during trial as the man they
> witnessed during the drug transaction.  For these reasons, the Court
> declines to now second-guess counsel's decision not to call these
> witnesses to testify.  Therefore, Defendant has not met his burden in
> establishing that counsel was ineffective.  Defendant has failed to
> demonstrate that pursuant to Strickland, counsel was deficient for failing to
> call these witnesses and that Defendant suffered prejudice as a result.  As
> such, Defendant is not entitled to relief . . . .

The state court ruled that Williams failed to prove that counsel performed

deficiently because counsel determined that calling the confidential informant as a

witness was too "problematic."  Trial counsel must decide which strategic and tactical

option to pursue, such as deciding which witness or defense to present.  See e.g., Dingle

v. Sec'y, Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision

[to not call a certain witness] appears to have been unwise in retrospect, the decision will

be held to have been ineffective assistance only if it was 'so patently unreasonable that

no competent attorney would have chosen it.'"), quoting Adams v. Wainwright, 709 F.2d

1443, 1445 (11th Cir. 1983), Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995)

("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic

decision, and it is one that we will seldom, if ever, second guess.") (en banc), and Blanco

v. Singletary, 943 F.2d 1477, 1495 (11th Cir. 1991) ("The decision as to which witnesses to call is an aspect of trial tactics that is normally entrusted to counsel.").

Williams's claim fails because "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." Strickland v. Washington, 466 U.S. at 690-91.  As a consequence, "the state habeas court was objectively reasonable in its Strickland inquiry."  Putnam v. Head, 268 F.3d at 1244, n.17.

Accordingly, Williams's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Williams and close this case.

ORDERED in Tampa, Florida, on November 30, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE